IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| STEVEN A. DAVIS, | : |
|     Plaintiff, | : |
| v. | :    Case No: 8:20-cv-00547 GJH |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, *et al.* | : |
|     Defendants | : |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants Washington Metropolitan Area Transit Authority (WMATA), Metro Transit Police Department (MTPD)[1], and Figaro Estime (Officer Estime), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), hereby move this Court for an order dismissing Plaintiff's Complaint. WMATA, MTPD and Officer Estime submit the instant Memorandum of Law for the Court's consideration and state the following:

### I. INTRODUCTION

On February 28, 2020, Plaintiff filed an eight-count Complaint alleging that WMATA's MTPD employee Officer Estime used excessive force when he arrested him for fare evasion in Suitland, Maryland. *See* Complaint, ECF #9. Plaintiff asserts that he exited WMATA's emergency fare gate without paying his fare, an unlawful act that is a misdemeanor in Prince George's County, Maryland, where Suitland is located.[2] He contends that he had an explanation

---

[1] Metro Transit Police Department is an unserved and non-suable entity which is a department within WMATA.

[2] *See* Prince George's County Code of Ordinance, Section 20A-102(a)(9) (It shall be unlawful for any … person in a rail transit station located within the corporate (designated) limits of Prince George's County, Maryland to … [k]nowingly enter or leave a fare-paid area of a rail transit station without paying the established fare or presenting a valid transfer for transportation on a public passenger vehicle….); *see also* Section 20A-104 (Any person who violates any of the provisions of Section 20A-102 … shall be deemed guilty of a misdemeanor ….); *see also* Section

to justify his unlawful behavior.  Plaintiff argues that Officer Estime should have considered his explanation prior to arresting and/or employing force against him.

Plaintiff's cause of action must be, in significant part, dismissed with prejudice. WMATA has sovereign immunity for its governmental function and cannot be a defendant in this action.  Its MTPD is a division and/or internal arm of WMATA and it also must be dismissed.  MTPD is not capable of being sued independently.  Moreover, even if it could be sued, MTPD would enjoy the same sovereign immunity as WMATA.  Plaintiff's assault count is time barred and must be dismissed.  His Article 24 of the Maryland Declaration of Rights count is an improper vehicle by which to assert an excessive force claim and his factual assertions warrant dismissal of his cause of action for false arrest.

## II.     FACTS[3]

Plaintiff alleged that on April 11, 2018, he rode WMATA's Metrorail and exited the train at the Suitland Metro Station in Suitland, Maryland.  Compl. at 8.  Plaintiff observed another WMATA patron exit the emergency exit gate without paying his fare.  *Id.* at 14-16.  Plaintiff decided to follow suit and exit the emergency fare gate without paying himself.  *Id.*  Officer Estime observed Plaintiff and ordered him to return to the fare gate to pay his fare.  *Id.* at 17. Plaintiff explained to Officer Estime that he was unsure which Smart Trip card he had used and "noted that other customers had left through the gate." *Id.* at 18.  Officer Estime was unwilling to accept Plaintiff's explanation and ordered Plaintiff to return to the gate to tap his Smart Trip card to pay his fare.  *Id.* at 20.  Plaintiff subsequently tapped his Smart Trip card and Officer

---

20A – 101(a)(3) (A Rail Transit Station is a regular stopping place for pick-up and discharge of passengers in … the fare paid areas and enclosed areas of the … Washington Metropolitan Area Transit Authority.)

[3] Defendants rely on Plaintiff's allegations in the Complaint, because in a motion to dismiss, the Court must accept Plaintiff's assertions in the light most favorable to Plaintiff; however, Defendants do not concede the truthfulness or accuracy of any of Plaintiff's allegations and reserve the right to contest them at later stages of these proceedings.

Estime learned that Plaintiff had not used the card to enter the system. *Id.* at 22. Officer Estime determined that Plaintiff engaged in fare evasion and ordered Plaintiff to produce his identification. *Id.* at 23. Before doing so, Plaintiff told Officer Estime that he had several Smart Trip cards. *Id.* at 24. Officer Estime refused to accept the explanation and pepper sprayed Plaintiff in the face. *Id.* at 26. Officer Estime pepper sprayed Plaintiff a second time when Plaintiff did not comply with Officer Estime's attempts to handcuff Plaintiff. *Id.* 28-29. Officer Estime eventually handcuffed Plaintiff. *Id.* at 32.

On August 14, 2018, Plaintiff was found not guilty for fare evasion after a bench trial in the District Court of Maryland for Prince George's County. *Id.* at 35.

### III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1) (2016); *see also Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009) (Rule 12(b)(1) presents a threshold challenge to the Court's jurisdiction . . . [and] the Court is obligated to determine whether it has subject-matter jurisdiction in the first instance.) (internal citation and quotation marks omitted). "[I]t is presumed that a cause [of action] lies outside [the federal courts'] limited jurisdiction" [when a motion to dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(1).] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party seeking to invoke the jurisdiction of a federal court bears the burden of establishing the court's subject matter jurisdiction. *Runkle v. Gonzales*, 391 F. Supp. 2d 210, 220 (D.D.C. 2005); *U.S. Ecology, Inc. v. Dep't of the Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000).

A motion to dismiss under F. R. Civ. P. 12(b)(1) is resolved in one of two ways; a facial challenge and/or a factual challenge to a complaint. *See Herbert v. National Academy of*

*Science*, 974 F.2d 192, 197 (D.C. Cir. 1992).  In a facial challenge, the district court decides the motion to dismiss solely on the allegations in the complaint. *Id; see also Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 20 (D.D.C. 2003)  The district court accepts the well-pleaded allegations in the complaint as true and considers the factual allegations in the light most favorable to the non-moving party.  *See Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006).

Likewise, "[t]o survive a Rule 12(b)(6) motion to dismiss, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief …." *Lash v. Lemke,* 971 F. Supp. 2d 85, 91 (D. D.C. 2013) *quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)  "[I]n passing on a motion to dismiss ... the allegations of the complaint should be construed favorably to the pleader." *Id; quoting Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The facts of a complaint are presumed to be true.  *See Sparrow v. United Air Lines, Inc.,* 216 F. 3d 1111, 1113 (D.C. Cir. 2000)  "However, the Court need not accept as true a legal conclusion couched as a factual allegation, nor inferences that are unsupported by the facts set out in the complaint." *Trudeau v. FTC,* 456 F.3d 178, 193 (D.C. Cir. 2006) *quoting Papasan v. Allain,* 478 U.S. 265, 286 (1986)  )  "[While] the pleading standard does not require detailed factual allegations, … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face…." *Id; see also* …." *Simms v. District of Columbia,* 699 F. Supp. 2d 217, 227 (D. D.C. 2010) *quoting WMATA v. Ferguson,* 977 A.2d 375, 377 (D.C. Cir. 2009) (A complaint alleging negligence may not rest on mere conclusory assertions as to the existence of any element of the claim).

IV.     ARGUMENT

  A.  **WMATA MUST BE DIMISSED AS A MATTER OF LAW BECAUSE IT HAS SOVEREIGN IMMUNITY AND IT IS NOT A "PERSON" UNDER 42 U.S.C. § 1983**

  **1. WMATA Has Sovereign Immunity For Governmental Functions**

WMATA moves to dismiss Counts two (2) through eight (8) of the Complaint with prejudice.[4] WMATA is a tri-jurisdictional governmental agency of Maryland, Virginia, and the District of Columbia. *See Martin v. WMATA,* 667 F. 2d 435, 436 (4th Cir. 1981); *Morris v. WMATA,* 781 F.2d. 218, 220 (D.C. Cir. 1986); *Dant v. WMATA*, 829 F.2d 69, 74 (D.C. Cir. 1987). It was created by interstate compact in order to provide mass transit in the Washington D.C. Metropolitan Area. *Id.* Because WMATA is a governmental agency, it is immune from suit except to the extent that its sovereign immunity has been waived. *Id; see also Delon Hampton & Assocs., Ctd., v. WMATA,* 943 F. 2d 355, 359 (4th Cir. 1991) (*citing Beatty v. WMATA,* 860 F.2d 1117, 1126 (D.C. Cir. 1988)). Section 80 of the WMATA Compact states in pertinent part that WMATA, "shall not be liable for any such torts occurring in the performance of a governmental function." D.C. CODE §9-1107.01(80) (2016).

"WMATA's police activities are an exercise of a governmental function[ ] and … lie outside the scope of [WMATA's] … waiver of sovereign immunity." *Dant,* 829 F.2d at 74. "[I]n approving the [WMATA] Compact … Congress has foreclosed judicial remedy against WMATA for all torts … committed by WMATA in the exercise of [its] police functions…." *Id.* at 71. "It is fairly established … [that] the operation of a police force is a governmental function and the acts or omission in connection therewith ordinarily does not give rise to liability." *Martin,* 667 F. 2d at 436; *see also Dant,* 829 F. 2d at 74; *Myers v. U.S.,* 15 A.3d 688, 691 (D.C. 2011); *see, e.g., McKethean v. WMATA,* 588 A.2d 708 (D.C.1991); *Hall v.*

---

[4] Count one of the Complaint is asserted against Officer Estime only.

*WMATA,* 468 A.2d 970 (D.C.1983); *Qasim v. WMATA,* 455 A.2d 904 (D.C.1983) (en banc).

Here, Plaintiff attempts to sue WMATA for acts committed within WMATA's governmental function. The premise of Plaintiff's cause of action is that: a) Officer Estime allegedly used excessive force when he arrested Plaintiff, committing constitutional violations under 42 U.S.C. § 1983 and Articles 24 and 26 of Maryland's Declaration of Rights and 2) Officer Estime allegedly committed torts against the Plaintiff while on duty, acting under the color of law, and within the scope of employment. WMATA is immune from suit for such claims. *See also Griggs v. WMATA,* 232 F. 3d 917, 922 (D.C. Cir. 2000) ([Section] 80 of the Compact cloaks WMATA itself with absolute immunity for torts arising in the exercise of governmental functions). Counts two (2) through eight (8) of the Complaint – all counts alleged against WMATA -- must be dismissed against WMATA with prejudice.

### 2. WMATA Is Not A Person Which Can Be Sued Under 42 U.S.C. § 1983

Counts two (2) and three (3) of the Complaint must also be dismissed against WMATA because WMATA is not a person under 42 U.S.C. § 1983. "Section 1983 states that every person who, under the color of state law, subjects another to the deprivation of any constitutional rights shall be liable to the injured party." *Headen v. WMATA,* 741 F. Supp. 2d 289, 294 (D.D.C.2010). "[T]he Supreme Court has held [however] that neither a State [ ]or its officials acting in their official capacities are persons under § 1983." *Id; citing Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). WMATA is an interstate compact agency of Maryland, Virginia, and the District of Columbia. *Id; see also Morris,* 781 F.2d at 219-20; *Dant*, 829 F.2d at 74. Maryland and Virginia, as well as the District of Columbia, have conferred their immunities upon WMATA. *Id.* Thus, WMATA is not a person for the purposes of 42 U.S.C. § 1983. *Id; see also James v. WMATA,* 649 F. Supp. 2d. 424, 429 (D. D.C. 2009) (WMATA is not

subject to claims arising under Section 1983 because it is not a person for the purposes of that statute). Counts two (2) and three (3) of the Complaint must be dismissed against WMATA with prejudice.

### B. METRO TRANSIT POLICE MUST BE DISMISSED BECAUSE IT LACKS CAPACITY TO BE SUED AND EVEN IF IT COULD BE SUED, IT WOULD BE IMMUNE FROM SUIT UNDER SECTION 80 OF THE WMATA COMPACT

#### 1. "Metro Transit Police" Is Not A Suable Entity

WMATA was created by Interstate Compact. *Hutcherson v. Washington Metropolitan Area Transit Authority,* 2009 WL 2168998, at *2 (D.Md.,2009) *citing* Md. Code Ann., Transp. Art., § 10-204 (2009). Pursuant to Section 76 of that Compact, WMATA was authorized and established its transit police force. Md. Code Ann., Transp. Art., § 10-204 (2009). Pursuant to the Compact, WMATA named its police force the Metro Transit Police Department. *Id.* It is a department within WMATA and not a separate suable entity. *Id*; *see also White v. Washington Metropolitan Area Transit Authority*, 303 F.Supp.3d 5, 9 (D.D.C., 2018) (MTPD is a department within WMATA and not a separate entity; it cannot be sued separately.) Metro Transit Police must be dismissed with prejudice. *See D.C. Metro. Police Dep't v. Fraternal Order of Police/Metro. Police Dep't Labor Comm.,* 997 A.2d 65, 75-76 (D.C. 2010) (An objection regarding the capacity to be sued should be brought in a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.)

#### 2. Even If MTPD Were A Suable Entity, Plaintiff's Claims Would Fail Under Section 80 Of The WMATA Compact

Even if MTPD could be sued directly, this Court would lack subject matter jurisdiction as a matter of law. MTPD and WMATA are one in the same. It is well settled "that . . . the operation of a police force is a governmental function." *Martin,* 667 F.2d at 435; *Morris,* 781

F.2d at 218 (holding that the "principle is well-established that the operation of a police force is a governmental rather than proprietary function.")  WMATA's police department (MTPD), which performs the police functions for which WMATA is immune, necessarily possesses the same governmental immunity enjoyed by WMATA -- the suable legal entity.   Although Plaintiff's claims against MTPD must be dismissed because no such legal entity exists, even *if* it did exist, MTPD would enjoy the same immunity granted WMATA under Section 80 of the WMATA Compact.  *See* Section IV.A.1*, supra* ("WMATA Has Immunity For Governmental Functions").

### C. COUNT SIX (ASSAULT) MUST BE DISMISSED AGAINST ALL DEFENDANTS BECAUSE SUIT WAS FILED AFTER THE ONE-YEAR STATUTE OF LIMITATIONS

"[A]n action for assault … shall be filed within one year from the date it accrues."  Md. Code. Ann., Courts & Jud. Proceed. Art., § 5-105 (2020).   Under Maryland law, an action for assault accrues at the time the wrong was committed, not at the time of its discovery.  *Atwell v. Retail Credit Co.,* 431 F.2d 1008, 1010 (4th Cir. 1970).  Here, Plaintiff alleged that he was assaulted on August 14, 2018.  He filed his cause of action for assault on February 28, 2020.  Count six (6) of the Complaint must be dismissed against all defendants with prejudice.

### D. COUNT FOUR , ALLEGING VIOLATIONS UNDER ARTICLE 24 OF THE MARYLAND DECLARATION OF RIGHTS, MUST BE DISMISSED

"Article 24 of the Maryland Constitution is not the proper vehicle under which to bring an excessive force claim arising out of an arrest."  *Barnes v. Montgomery County, Md.,* 798 F. Supp. 2d 688, 700 (D. Md. 2011).  "It has been clearly established that Article 24 protects the same rights as the Fourteenth Amendment, and Article 26 protects the same rights as those protected under the Fourth Amendment. *See Hayes v. City of Seat Pleasant,* 2010 WL 3703291, at *4 (D. Md. Sept. 16, 2010) ("Article 24 protects substantive due process rights, while Article 26 protects the right to be free from unreasonable searches and seizures; courts therefore

construe the provisions *in pari materia* with the Fourteenth and Fourth Amendments to the U.S. Constitution, respectively."); *See also Cortez v. Prince George's County Maryland,* 31 Fed.Appx. 123, 130 (4th Cir.2002); *Braun v. Maynard,* 2010 WL 1375172 (D. Md. Mar. 31, 2010). Here, Plaintiff's cause of action is premised exclusively on an allegation of excessive force during arrest. Nothing in the pleadings remotely suggest Plaintiff alleges a cause of action for substantive Due Process deprivations. *See Okwa v. Harper,* 360, Md. 161, 204; 757 A.2d 118, 141 (Md. Ct. Appeals 2000) (excessive force under Article 24 because of equal protection argument based on race discrimination). Count Four of the Complaint must be dismissed against all Defendants.

### E. FALSE ARREST (COUNT EIGHT) MUST BE DISMISSED BECAUSE PLAINTIFF CONCEDES THERE WAS PROBABLE CAUSE AND LEGAL JUSTIFICATION FOR HIS ARREST

Plaintiff's claim of false arrest (Count Eight) must be dismissed as to all Defendants because Plaintiff has admitted that legal justification existed for his arrest. "A claim for false arrest alleges that a warrantless arrest lacked probable cause." *Smith v. Munday,* 848 F.3d 248, 257 (4th Cir. 2017). "Probable cause requires facts and circumstances sufficient to warrant a prudent [person] in believing that the [suspect] committed or was committing an offense." *White v. Maryland Transp. Auth.,* 151 F. Supp. 2d 651, 655 (D. Md. 2001) (citing *DiPino v. Davis,* 354 Md. 18, 32; 729 A.2d 354 (1999)). Here, Plaintiff asserted that he exited the emergency exit gate without paying a fare and Officer Estime observed it. *See* Compl. at 14-17. He further plead that Officer Estime asked him to return to the gate to tap his smart trip card and Officer Estime determined that the SmarTrip card was never used to enter the WMATA system. *Id.* at 20-22. Accordingly, probable cause existed for Plaintiff's arrest for two independent reasons, both admitted in Plaintiff's Complaint: when Plaintiff exited the emergency fare gate without paying

and/or and, Officer Estime's investigation showing that Plaintiff's SmarTrip card was not used to enter the Metrorail station. Plaintiff's alleged efforts to explain his smart trip card snafus are legally irrelevant. *Id.* at 18, 20, 23. "[A] defendant's innocent explanations for his odd behavior cannot eliminate the suspicious facts from the probable cause calculus...." *Martin v. Conner,* 882 F. Supp. 2d 820, 845 (D. Md. 2012) (*citing Sennett v. United States,* 667 F.3d 531, 536 (4th Cir.2012)). "[T]he fact that any one fact ... would not alone support a finding of probable cause does not mean that probable cause was absent." *Id.*

V. **CONCLUSION**

For the reasons stated above, WMATA and MTPD respectfully move to dismiss the Complaint against them in full; Officer Estime moves for dismissal of Count Four (Article 24), Count Six (Assault) and Count Eight (False Arrest), so that, as to him, only Counts One (42 U.S.C. Section 1983- Excessive Force), Five (Article 26) and Seven (Battery) will remain.

Respectfully submitted,

/s/ Janice L. Cole
Janice L. Cole #440351
Chief Counsel - MTPD
WMATA
600 5th St., N.W.
Washington, D.C.  20001
(202) 962-2543 (o); (202) 604-1833 (mobile)
jlcole@wmata.com

/s/ Neal M. Janey, Jr.
Neal M. Janey, Jr.
Bar No.:  995449
Senior Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
Telephone: (202) 962-1067
Facsimile:  (202) 962-2550
nmjaney@wmata.com

*Attorneys for WMATA, MTPD & Estime*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May 2020, a copy of the foregoing Motion to Dismiss, Memorandum of Law in Support of the Motion to Dismiss, and proposed Order was electronically filed and forwarded to the following via the court's ECF system:

Timothy F. Maloney, Esquire
Nicholas N. Barnard, Esquire
Joseph, Greenwald, & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770

        /s/ Janice L. Cole.
        Janice L. Cole